I agree with the result of Judge Crawley's opinion in this case. However, I do not agree with his reliance on the standard set forth in Whitsett v. BAMSI, Inc., 652 So.2d 287
(Ala.Civ.App. 1994), overruled by Ex parte Trinity Industries, Inc.,680 So.2d 262 (Ala. 1996).
In Whitsett, this court stated:
 "Therefore, we adopt the following standard of review of workers' compensation cases under the new Act: We will view the facts in the light most favorable to the findings of the trial court. The trial court's judgment will not be reversed unless it is clear that the trial court's findings are manifestly contrary to the evidence as contained in the record as a whole or *Page 75 
unless it is clear that fair-minded persons in the exercise of impartial judgment would adopt a contrary conclusion."
Whitsett, 652 So.2d at 290 (emphasis added). In Ex parte Trinity Industries, supra, Justice Houston stated:
 "Therefore, under the applicable standard of review, we will not reverse the trial court's finding of fact if that finding is supported by substantial evidence — if that finding is supported by 'evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'. . . . To the extent that Whitsett v. BAMSI, Inc., 652 So.2d 287 (Ala.Civ.App. 1994), and its progeny are inconsistent with this standard, they are overruled."
Ex parte Trinity Industries, 680 So.2d at 268-69.
Thus, Ex parte Trinity Industries overruled the standard of review set forth in Whitsett. Nothing in the Ex parte TrinityIndustries opinion and in the new standard it set forth indicates that the Supreme Court intended to preserve that part of the Whitsett standard that provides that "[w]e will view the facts in the light most favorable to the findings of the trial court." Whitsett, 652 So.2d at 290. In my opinion, that is part of the standard that the Supreme Court expressly overruled in Ex parte Trinity Industries.
In addition, § 25-5-81(e)(2), Ala. Code 1975, establishes the following standard of review:
 "In reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence."
Therefore, our standard of review, as established by the statute and Ex parte Trinity Industries is simple. If there is substantial evidence supporting the trial court's findings, then its findings will not be reversed. This is an objective standard of review. It is unnecessary to view the facts in the light most favorable to the findings of the trial court.
Based on the foregoing, I can concur only in the result.